NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

Eastern District of Kentucky
FILED
AUG 0 4 2005
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 05-CV-161-KSF

FRANKIE JONES                                                               PLAINTIFF

VS:              **MEMORANDUM OPINION AND ORDER**

FRED SHORTRIDGE, ET AL.                                           DEFENDANTS

The plaintiff, an inmate currently confined at the Eastern Kentucky Correctional Complex, has filed a fee paid 42 U.S.C.§ 1983 complaint. He claims his Fourth, Fifth, Fourteenth and Eight Amendment rights have been violated.

### DEFENDANTS

The defendants are Montgomery County Sheriff Fred Shortridge and Deputies Terry Barnett, Otis Walter, and Shannon Taylor. Also named as defendants are Wilson Harmon, Tim Fegan, Scott Vito, Reda Harris, and Detective Barnes. The plaintiff does not allege the capacity in which he names the defendants.

### FACTUAL ALLEGATIONS

The plaintiff's factual allegations are incomplete, disjointed, vague, and render the complaint subject to dismissal pursuant to Federal Rules of Civil Procedure 8(a) and (e). However, the Court hereinafter attempts to decipher the plaintiff's allegations.

On Thursday, June 3, 2004, the Montgomery County Sheriff's Department executed a search warrant. The warrant supposedly authorized the search of a house and was "left open as to what

1

vehicles" and people should be searched. Allegedly, the warrant did not authorize the seizure of motorcycles. Montgomery County Deputy Sheriffs Terry Barnett and Shannon Taylor "pulled over" the plaintiff as he was riding a blue Suzuki motorcycle. The plaintiff fails to offer a factual connection between his riding of the motorcycle, the search of the house, and his expectation that the search warrant had to authorize the search of his motorcycle, all of which invites speculation that the plaintiff may have been fleeing the scene of the search on the motorcycle. The plaintiff was handcuffed. Thereafter, "Task Force"[1] Detective Barnes, Montgomery County Sheriff Fred Shortridge, and Sheriff's Deputy Otis Walters arrived at the scene of the plaintiff's apparent arrest. The plaintiff was asked if he would submit to a pat-down search, and he consented. The plaintiff was on church property when he was placed between a "very transparent" bush and the cruiser, after which "they pulled my pants down to my ankles." Reportedly, "nothing was found."

## RELIEF

The plaintiff seeks a declaratory judgment, the return of property apparently seized by county officials, damages for mental anguish, and public embarrassment and restitution for financial loss.

Under 42 U.S.C. §1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." *Jennings v. Mitchell*, 93 Fed. Appx. 723, 2004 WL 504352 (6th Cir. (Mich), March 12, 2004) (citing *Perkins v. Kansas Dep't of Corr.*, 165 F.3d 803, 807 (10th Cir. 1999)). When a prisoner has failed to allege facts sufficient to show that he suffered actual physical injury, he is barred from financial recovery. *Watson v. McClanahan*, 221 F.3d 1337, 2000 WL 922899 (6th Cir. (Tenn.)) (unpublished disposition) (citing *See* 42 U.S.C.

---

[1] No explanation is ever offered as to what "Task Force" the plaintiff was referencing.

§1997e(e)). Because the plaintiff has failed to plead or show that he has experienced an actual physical injury, he is barred from receiving the financial recovery he seeks.

Apparently, the plaintiff seeks to have the seized motorcycle returned to him. He, however, admittedly is not the titular owner of the vehicle. As the plaintiff has no ownership interest in the vehicle, he has no standing to seek possession of it. Thus, this form of requested relief is unavailable to the plaintiff.

Though the plaintiff does not claim to have had a pecuniary interest in any seized items, he seeks restitution for "financial distress." The plaintiff has no entitlement to reimbursement or restitution for the loss of that which he did not own.

Consequently, as the plaintiff has no entitlement to any of the relief he has requested, this action is subject to dismissal.

## FOURTH AMENDMENT

The plaintiff alleges his Fourth Amendment protection against an illegal search was violated when: his pants were pulled down during a consensual search of his person; and authorities effectuated a warrantless seizure of the motorcycle he was riding. The plaintiff also alleges "other defendants" suffered a Fourth Amendment violation because authorities searched the porch, when the warrant only authorized a house search.

To the extent the plaintiff is asserting a Fourth Amendment violation on behalf of others, he may not proceed as he, personally, is without standing to assert the rights of others. *DeBolt v. Espy, et al.*, 47 F.3d 777 (6th Cir. 1995); *Briggs v. Ohio Elections Comm'n*, 61 F.3d 487 (6th Cir. 1995); *Mercer v. Fayette Circuit Court*, 52 F.3d 325 (6th Cir. (Ky.)1995) (unpublished) (citing *Weaver v. Wilcox*, 650 F.2d 22, 27 (3d Cir. 1981); *Corn v. Sparkman*, 82 F.3d 417 (6th Cir. (Ky.) 1996)

3

(unpublished)); *Newsome v. Norris*, 888 F.2d 371, 381 (6th Cir. 1989); *Greater Cincinnati Coalition, et al. v. City of Cincinnati*, 56 F.3d 710, 718 (6th Cir. 1995). The plaintiff is without standing to assert claims on behalf of others, and this Court is without jurisdiction to consider such claims.

The plaintiff claims that his Fourth Amendment protection against a search and seizure of the motorcycle he was riding has been violated because the motorcycle was seized in violation of a search warrant that authorized a house search. This is a meritless claim. Obviously, the house search warrant was never intended to apply to the motorcycle he apparently was riding outside the house, and the two matters are, without more factual information, totally separate and unrelated searches. Thus, the contents of the house search warrant are irrelevant and offer the plaintiff no basis for relief on his motorcycle search and seizure issues. If the plaintiff was arrested and incarcerated, then the motorcycle was probably impounded as protection against its being abandoned and stolen. Such would not constitute a Fourth Amendment violation. Based on the paucity of factual information supplied, the plaintiff's Fourth Amendment motorcycle impoundment claim must be dismissed.

The plaintiff's complaint that his pants were pulled down to his ankles after he consented to a pat search does not state a Fourth Amendment illegal search claim. *See United States v. Walker*, 181 F.3d 774, 778 (6th Cir.), *cert. denied* 528 U.S. 980, 120 S.Ct. 435, 145 L.Ed.2d 340 (1999); *see also Harden v. Flowers*, 2003 WL 1989616 (N.D. Ill. April 29, 2003). Moreover, the plaintiff has failed to plead which of the named defendants allegedly committed this act. The plaintiff has failed to assert the personal involvement of any of the named defendants and, thus, this claim may not proceed. A plaintiff must prove that a particular defendant was personally involved in the deprivation of his rights. *Johnson v. Glick*, 481 F.2d 1028, 1034 (2nd Cir. 1973). Liability will only

lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights. A plaintiff must demonstrate that a particular defendant proximately caused his alleged injuries. *White v. Gerbitz,* 892 F.2d 457, 463 (6th Cir. 1989).

### EIGHTH, FIFTH, AND FOURTEENTH AMENDMENTS

The plaintiff conclusorily claims he has suffered Eighth, Fifth, and Fourteenth Amendment claims. As no such claims are apparent from the face of the pleadings, these vague and conclusory allegations must be dismissed. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Vague and conclusory allegations unsupported by any material factual allegations are not sufficient to state a claim. *See Kensu v. Haigh*, 87 F.3d 172, 175-76 (6th Cir. 1996); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987).

### CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

This action is **DISMISSED**, *sua sponte*, and judgment shall be entered contemporaneously with this memorandum opinion in favor of the defendants.

This the ____ day of ~~July~~ August, 2005.

_____
KARL S. FORESTER, SENIOR JUDGE